# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC JETSON LYONS,<br>    Petitioner<br><br>  v.<br><br>HARRY E. WILSON, et al.,<br>    Respondents. | C.A. No. 07-214 Erie<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [Document # 23] be denied.

**II. REPORT**

 **A. Relevant Procedural History**

Petitioner Eric Jetson Lyons, a state prisoner incarcerated at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI-Fayette"), initiated this action on August 15, 2007, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Document # 7]. Respondents have filed a Motion to Dismiss Petition for Writ of Habeas Corpus [Document # 23], arguing that Petitioner's judgment of sentence became final on October 22, 2003, after Petitioner allegedly failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court within thirty days after his direct appeal was denied by the Pennsylvania Superior Court. (Document # 23 at ¶¶ 4-6). Based on this contention, Respondents conclude that the instant habeas petition was filed beyond the applicable one-year statute of limitations and should be dismissed as untimely. (Id. at ¶ 8). Petitioner has filed a response to Respondent's motion to dismiss, disputing that his habeas petition is untimely. (Document # 28). This matter is now ripe for consideration.

**B.     Statute of Limitations.**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2244(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2244(d)(2). Third, the court

2

must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Respondent asserts that Petitioner's judgment of sentence was affirmed by the Pennsylvania Superior Court on September 22, 2003, and that Petitioner failed to file for an allowance of appeal with the Pennsylvania Supreme Court within thirty days, thus causing the judgment to become final on October 22, 2003. In response, however, Petitioner has submitted documentary evidence that the Pennsylvania Supreme Court granted him the right to file a petition for allowance of appeal *nunc pro tunc* on May 7, 2004, and that he subsequently filed a timely appeal petition in June 2004. (See Exhibits 2 and 3 attached to Document # 28). According to the State Court Record,[1] this petition for allowance of appeal was denied by the Pennsylvania Supreme Court on July 12, 2005. (SCR No. 148). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. As a result, his judgment of sentence did not become final until October 10, 2005, when the ninety-day period for filing a petition for writ of certiorari expired. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); see also Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

Moreover, the State Court Record discloses that Petitioner subsequently filed a Petition for Post-Conviction Collateral Relief ("PCRA Petition") with the Court of Common Pleas of Erie County on February 2, 2006, thus tolling the habeas statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). (SCR No. 149). A Final Order dismissing Petitioner's PCRA Petition was entered by the Erie County Court on May 23, 2006, which Order was affirmed on appeal by the Pennsylvania Superior Court on February 12, 2007. (SCR Nos. 158, 161). The Superior Court's Order affirming the dismissal of Petitioner's PCRA Petition became final on March 14, 2007,

---

[1] The exhibits included in the State Court Record will be referred to as "(SCR No. ___)."

after the thirty-day period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. The instant habeas petition was thereafter filed on August 15, 2007. Thus, excluding the period of time during which Petitioner's PCRA Petition was pending, only 269 days had expired between the date Petitioner's judgment of sentence became final and the date he filed the habeas petition in this case.[2] As a result, Respondent's claim that Petitioner's habeas petition was filed beyond the applicable one-year statute of limitations is erroneous, and the motion to dismiss should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [Document # 23] be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: July 1, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge

---

[2] This number was derived as follows: 115 days expired from the date Petitioner's judgment of sentence became final (October 10, 2005) until the date he filed his PCRA Petition (February 2, 2006), while 154 days expired between the date the PCRA Petition was finally determined (March 14, 2007) and the date the instant habeas petition was filed (August 15, 2007). Thus, the total period of time that counted toward the one-year statute of limitations under 28 U.S.C. § 2244 was 269 days (115 + 154).