IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC JETSON LYONS,                )
        Petitioner,              )    Civil Action No. 07-214 Erie
                                  )
    v.                             )
                                  )    District Judge McLaughlin
SUPERINTENDENT WILSON, et al.,    )    Magistrate Judge Baxter
        Respondents.             )

**M E M O R A N D U M   O R D E R**

**I.     Introduction**

This habeas action filed by Petitioner[1] pursuant to 28 U.S.C. § 2254 was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges.

On February 10, 2010, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 44) recommending that the petition be denied with respect to each of Petitioner's four claims. She further recommended that a certificate of appealability ("COA") be granted with respect to Petitioner's Confrontation Claim (Claim 1) as it pertains to his conviction of making terroristic threats and that it be denied in all other respects.

Petitioner has filed Objections to the R&R. (Doc. No. 48). Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C.§ 636(b)(1). Accordingly, this Court has carefully examined *de novo* all claims raised by Petitioner in his Objections and we agree with the Magistrate Judge that he is not entitled to habeas relief on any of his claims. We further agree that only a limited COA be granted. Petitioner's Objections are overruled and we approve and adopt the R&R, as supplemented herein. We write only to address his contention that he is

---

[1] Petitioner is currently incarcerated at SCI Mahanoy in Frackville, Pennsylvania. In addition to having to serve the aggregate term of 79 years and two months to 158 years and four months that was imposed for his convictions in this case, he also is subject to terms of imprisonment for convictions unrelated to this case. At the present time, Petitioner's total minimum term of incarceration is set at April 23, 2080 and his total maximum term is June 23, 2159.

1

entitled to an evidentiary hearing and to discuss the recent decision issued by the United States Court of Appeals for the Third Circuit in Greene v. Palakovich, No. 07-2163, — F.3d — , 2010 WL 2134575 (3d Cir. May 28, 2010).

## II. Evidentiary Hearing

### A. Background

Petitioner makes a general request for an evidentiary hearing on all of his claims. His Confrontation Clause and Compulsory Process Clause claims (Claims 1 and 2, respectively) are the type that do not require expansion of the record in post-conviction proceedings. All evidence necessary to review those claims was made part of the record during the pre-trial Tender Years Statute hearing and the trial itself. As for Claim 3 (in which Petitioner alleges that the prosecution engaged in misconduct) and Claim 4 (in which he contends that his pre-trial counsel were ineffective), Petitioner did submit with his PCRA petition several documents relevant to those claims, including, *inter alia*: (1) a printout of the Police Department's notes from its investigation into M.R.'s kidnapping, rape, attempted murder, and related crimes; (2) Joan Edenfield's bank records;[2] and, (3) the letter he contends he sent to the prosecution on October 3, 2001, notifying it of his intended alibi witnesses. (See Exs. 1, 2, and 4 to the *PCRA Petition*, SCR No. 149). These documents already are part of the record and were considered by this Court in evaluating, and ultimately denying, Claims 3 and 4.

Petitioner also requested a hearing before the PCRA Court. It denied that request and dismissed the PCRA petition pursuant to its authority under Pennsylvania Rule of Criminal Procedure 907.[3] It determined that there were no issues of fact and that the record before it,

---

[2] The police obtained Edenfield's bank records as part of its investigation into whether Petitioner may have been with her at the Lyons Den on the night of M.R.'s kidnapping. That was just one of the many, and often inconsistent, alibis that Petitioner put forward after he became a suspect.

[3] Under Pennsylvania law, the right to a post-conviction hearing is not absolute and the PCRA Court had the discretion to deny a request for one. See, e.g., Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa.Super. 2001); Pa.R.Crim.Pro. 907(1)-(2) (court may deny a petition without a hearing if it is satisfied from a review of the record,

2

considered along with the PCRA Petition and the Commonwealth's answer thereto, confirmed that Petitioner was not entitled to relief. On appeal, the Superior Court held that Petitioner failed to identify any genuine issue of material fact and that the PCRA Court did not err in denying his request for a hearing. (SCR No. 161, Commonwealth v. Lyons, No. 1101 WDA 2006, slip op. at 5-6 (Pa.Super. Feb. 12, 2007) ("Lyons 2")).

### B. Discussion

Petitioner, claiming that he is "innocent" and that the jury reached the "wrong verdicts," argues that he is entitled to an evidentiary hearing in this Court. He asks this Court to reconsider the evidence that was introduced at his trial, disregard the jury's verdicts, and consider additional evidence and defenses that he failed to present there. A federal habeas court can do none of these things. Cf. Barefoot v. Estelle, 463 U.S. 880, 887 (1983) ("The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials.").[4]

Petitioner also argues that he is entitled to an evidentiary hearing in accordance with Townsend v. Sain, 372 U.S. 293 (1963). (Doc. No. 48, *Objections*, at 3-4). Petitioner's reliance on Townsend is misplaced. In it, the Supreme Court enunciated standards regarding when a district court was required to conduct a federal habeas evidentiary hearing. That decision was superceded by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). AEDPA significantly amended the federal habeas statute applicable to state prisoners, 28 U.S.C.§ 2254, and it applies to all habeas petitions filed after its effective date of April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997).[5]

---

the petition, and the answer, that there are no genuine issues concerning any material fact and that the defendant is not entitled to relief, and that no purpose would be served by any further proceedings).

[4] As detailed more fully in the Magistrate Judge's R&R, the evidence of Petitioner's guilt was overwhelming.

[5] As the Court of Appeals recently explained, prior to AEDPA "evidentiary hearings [in habeas cases] were *required* in several circumstances." Palmer v. Henricks, 592 F.3d 386, 392 (3d Cir. 2010) (quoting Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000) (emphasis in original), which cited Townsend, 372 U.S. at 313)).

3

Under AEDPA, "a habeas court is barred [under § 2254(e)(2) (as amended)] from holding an evidentiary hearing unless the petitioner was diligent in his attempt to develop a factual basis for his claim in the state court proceedings[.]" Palmer, 592 F.3d at 392 (citing Williams, 529 U.S. at 430 and Wilson v. Beard, 426 F.3d 653, 665 (3d Cir. 2005)).[6] "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." Id. (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007) and citing Campbell, 209 F.3d at 287 ("AEDPA, unlike Townsend and [Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992)], does not require that such a hearing be held. Instead, federal courts have discretion to grant a hearing or not.")). In deciding whether to exercise that discretion, the district court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief" under AEDPA's standards of review. Landrigan, 550 U.S. at 474 (citation omitted); Palmer, 592 F.3d at 393 (quoting Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) ("bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing.")).

Petitioner's request for an evidentiary hearing is denied. First, the Court is statutorily

---

"AEDPA in contrast *permits* evidentiary hearings on habeas review, but only in a limited number of circumstances." Id. (quoting Cambell, 209 F.3d at 289 (emphasis in original) and 28 U.S.C. § 2254(e) (as amended by AEDPA)). See also Williams v. Taylor, 529 U.S. 420, 429-45 (2000); Lewis v. Horn, 581 F.3d 92, 104-05, 109 n.11, 117 (3d Cir. 2009), *petition for cert. filed* (U.S. May 6, 2010) (No. 09-10741).

[6] As amended by AEDPA, § 2254(e)(2) now provides,

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on-
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner does not satisfy the criteria set forth in § 2254(e)(2)(A) and (B).

4

barred from having a hearing because he was not diligent in developing additional evidence during the PCRA proceeding.  See, e.g., Williams, 529 U.S. at 435 (the purpose of § 2254(e)(2) is "to ensure the prisoner undertakes his own diligent search for evidence"); Lewis, 581 F.3d at 104-05 (reiterating that if the failure to develop the record is attributable to the petitioner, AEDPA prohibits an evidentiary hearing in federal court; and, denying petitioner's request for a hearing on one of his habeas claims even though the state court had refused to grant him a hearing on it); Taylor v. Horn, 504 F.3d 416, 435-37 (3d Cir. 2007) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.")).  For example, he stated that he wanted to present testimony from Edenfield, James Shippling, James Edwards, and Stacey Majczyk,[7] as well as from one of his pre-trial attorneys, Elvage Murphy, Esq., but he failed to submit affidavits by any of these individuals or otherwise identify what testimony they could provide to advance his claims.[8]  (See SCR No. 149, *PCRA Petition* at 3-8).

Second, even if we were to assume that the statutory bar does not apply, we would still, in an exercise of our discretion, deny Petitioner's request for a hearing.  He has not submitted the affidavits of any witnesses he would call to testify or any relevant documents that he would introduce that are not already part of the record.  Therefore, he has failed to show that a hearing could enable him to prove the petition's factual allegations or that there are any genuine issues of

---

[7] James Shippling was Edenfield's co-worker.  He told the police that he had given her a ride to the Lyons Den on a Thursday evening in the winter of 2001.  He further stated that he could not remember the date on which that occurred.  James Edwards is the cab driver who told the police that he knew Edenfield.  He did not recall receiving a phone call from her for a ride home on the night in question.  Stacey Majczyk is the cab company representative who informed the police that there was no fare record showing that Edenfield had taken a cab ride from a bar to her home on the night of M.R.'s kidnapping.

[8] The Pennsylvania Rules of Criminal Procedure require that a petitioner must assert "the facts supporting each ground" for relief in his PCRA petition.  Pa.R.Crim.Pro. 902(A)(12) (formerly Rule 1502(A)(12)).  The Rules further provide that when the facts supporting a ground for relief "do not appear in the record," the petitioner must identify "any affidavits, documents, and other evidence showing such facts."  Id.  Additionally, the Rules require that a petitioner "shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached."  Pa.R.Crim.Pro. 902(D) (formerly Rule 1502(D)).

disputed fact.

**III.    Confrontation Clause Claim**

As set forth in the R&R, in Claim 1 Petitioner challenges the admission of the out-of-court statements M.R. made to her mother, D.G., Officer Kuhn, Detective Emerick, Agent Valentine, and Dr. Smith.  He argues that the introduction of those statements via Pennsylvania's Tender Years Statute, 42 PA.CONS.STAT. § 5985.1 (West 2001) violated his constitutional right to confront the witness against him.

The Superior Court of Pennsylvania rejected Petitioner's Confrontation Clause claim on direct appeal in Commonwealth v. Lyons, 833 A.2d 245 (Pa.Super. 2003) ("Lyons 1"), which it decided on September 22, 2003.  After the Superior Court issued that decision, but before Petitioner's judgment of sentence became final, the United States Supreme Court decided Crawford v. Washington, 541 U.S. 36 (Mar. 8, 2004).

Petitioner relies on Crawford to support his Confrontation Clause claim.  The Commonwealth counters that this Court may not look to Crawford because the temporal cutoff for determining the "clearly established Federal law, as determined by the Supreme Court of the United States" for purposes of applying AEDPA's standard of review (codified at 28 U.S.C. § 2254(d)(1)),[9] is the date of the relevant state court decision, which it contends is the Superior Court's decision in Lyons 1.

The Magistrate Judge resolved Claim 1 by holding that when the Superior Court adjudicated Petitioner's Confrontation Clause claim in Lyons 1, the Supreme Court's decision in Ohio v. Roberts, 448 U.S. 56, 63 (1980) was the "clearly established Federal law," for the

---

[9] AEDPA restricts a federal court's authority to grant relief when the state court has "adjudicated on the merits" the petitioner's federal constitutional claims. 28 U.S.C. § 2254(d). Under § 2254(d)(1), federal habeas relief may only be granted when the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" See also Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).

6

purposes of applying § 2254(d)(1) since Crawford had not yet been decided. Because the Superior Court's adjudication in Lyons 1 was neither "contrary to" nor an "unreasonable application of" Ohio v. Roberts, it withstands review under AEDPA.

The Magistrate Judge also recognized that under existing authority there was some uncertainty surrounding the meaning of "clearly established Federal law" for the purposes of § 2254(d)(1). See, e.g., Smith v. Spisak, — U.S. — , 130 S.Ct. 676, 681 (2010) (assuming that a Supreme Court decision that was issued after the state supreme court affirmed the petitioner's conviction, but before the date petitioner's conviction became final, constituted "clearly established Federal law"). Therefore, she also considered Claim 1 *de novo* and assumed that Crawford sets forth the pertinent law. She concluded that any erroneous admission of testimonial evidence under the rule announced in Crawford was harmless because of the overwhelming and independent evidence of Petitioner's guilt, except perhaps to his conviction of making terrorist threats.[10] See Brecht v. Abrahamson, 507 U.S. 619 (1993) (in order to grant habeas relief a federal habeas court must find that a trial error had a "substantial and injurious effect or influence in determining the jury's verdict."); see also United States v. Jimenez, 513 F.3d 62, 78 (3d Cir. 2008) (harmless error analysis applies to a Confrontation Clause challenge).

After the Magistrate Judge issued the R&R, the Court of Appeals decided Greene v. Palakovich, No. 07-2163, — F.3d — , 2010 WL 2134575 (3d Cir. May 28, 2010). In that case, the petitioner raised a Confrontation Clause claim and sought to rely in federal habeas upon Gray v. Maryland, 523 U.S. 185 (1998). Gray had not been decided at the time the Superior Court had considered the petitioner's Confrontation Clause claim on direct review, but it had been issued before his conviction became final. The majority in Greene observed that "[w]hile many courts have managed to avoid confronting" the issue, "this case presents us with the

---

[10] Out of Petitioner's many convictions, the only one that may have been established solely through testimonial evidence was Count 10 – making terroristic threats. That is why the Magistrate Judge recommended granting a COA on Claim 1 only as it pertained to that conviction. The trial court sentenced him to a term of imprisonment of 22-44 months on that conviction.

7

inescapable obligation to decide the cutoff date for determining 'clearly established Federal law'" because the petitioner's habeas request turned on whether he could invoke Gray.  Greene, — F.3d — , 2010 WL 2134575 at *9.  It ultimately concluded that the petitioner could not rely on Gray because that decision had not been issued at the time the Superior Court had adjudicated his Confrontation Clause claim on direct review.  Id. at *7-11.  It held that the cutoff date for determining "clearly established Federal law" for purposes of § 2254(d)(1) is the date of the relevant state court decision and not the date a petitioner's conviction becomes final.  Accordingly, Crawford does not apply to this Court's review under AEDPA of the state court's direct appeal adjudication of Petitioner's Confrontation Clause claim.

However, the majority in Greene did suggest in *dicta* that if the petitioner had raised another Confrontation Clause claim in his subsequent post-Gray PCRA petition, he may have been able to rely upon Gray in federal habeas.  See Greene, — F.3d — , 2010 WL 2134575 at *14 n.12.  Here, Petitioner did raise another Confrontation Clause in his PCRA petition and he relied, at least in part, on Crawford.  In reviewing that claim in the PCRA appeal, the Superior Court noted that it was "difficult to discern, both because of the illegibility of [Petitioner's] brief as well as the rambling nature of the argument[.]" (SCR No. 161, Lyons 2, No. 1101 WDA 2006, slip op. at 10).  It declined to review it because it determined that Petitioner was "attempt[ing] to revisit his constitutional challenge to the Tender Years Statute[.]" (Id.)  It held that that issue had been "thoroughly litigated on direct appeal" and therefore was "previously litigated."  (Id.)

If in fact Petitioner may rely on Crawford because he raised his Confrontation Clause claim again in his PCRA petition, the outcome of this case does not change because it does not turn exclusively on the applicability of Crawford.  As the Magistrate Judge explained in the R&R, any erroneous admission of testimonial evidence in violation of the rule announced in Crawford was harmless.  Therefore, even under a *de novo* review of Claim 1 that applies Crawford, Petitioner is not entitled to habeas relief on his convictions of attempted homicide;

rape; involuntary deviate sexual intercourse; aggravated indecent assault; indecent assault; aggravated assault; kidnapping; interference with custody of a child; possessing instruments of a crime; burglary; statutory sexual assault; corruption of a minor; unlawful restraint; and, recklessly endangering another person.

* * *

AND NOW, this 2nd day of June, 2010

Following a *de novo* review of the pleadings and record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter be adopted as the opinion of the Opinion of this Court, as supplemented herein;

IT IS FURTHER ORDERED that the petition be denied, that a COA be granted with respect to Petitioner's Confrontation Claim as it pertains to his conviction of making terroristic threats, and that a COA is denied in all other respects. The Clerk of Courts is directed to close this case.

                                                s/ SEAN J. MCLAUGHLIN
                                                  UNITED STATES DISTRICT JUDGE